**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES D. SCHNELLER, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **NO. 06-545** |
| | : | |
| **PROSPECT PARK NURSING** | : | |
| **and REHABILITATION CENTER,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**STENGEL, J.**                                                  **April 18, 2006**

Following the deaths of his elderly parents, James D. Schneller filed this action pro se against several defendants who he claims are legally responsible. On February 3, 2006, Schneller initiated this suit by filing a "Statement in Support of Request to Proceed in forma pauperis." On March 7, 2006, Schneller then filed a motion to proceed *in forma pauperis*. This court denied the motion on March 8, 2006. Since the court's March 8, 2006, Order, Schneller has submitted ten (10) additional filings without paying the requisite filing fee. For the sake of clarity, this Memorandum more fully explains the court's position.

**I.      BACKGROUND**

Plaintiff James D. Schneller brings this suit against Prospect Park Nursing and Rehabilitation Center; its owners and employees, including Monica Rendell, R.N.; "Fran Doe," R.N.; Herman McGill, M.D.; Suburban Pulmonary Medicine; Daniel Dupont D.O.; E. Heffelfinger D.O.; Gerald Meis, D.O.; Marjorie Zitomer; Richard Schneller; T.

Sergeant Pepper, Esq.; and Hepburn, Wilcox, Hamilton and Putnam, LLP.  In a separate, but seemingly related case, Schneller filed a Motion to Proceed *in forma pauperis* on February 16, 2006, naming Crozer Chester Medical Center, t/b/a Taylor Hospital and Crozer Keystone Health System; Herman McGill, M.D.; Suburban Pulmonary Medicine; Daniel Dupont, D.O.; E. Heffelfinger, D.O.; Gerald Meis, D.O.; Gurpreet Kockar, M.D.; Lalitha Gurijala, M.D.; Marjorie Zitomer; Richard Schneller; T. Sergeant Pepper, Esq.; and Hepburn, Wilcox, Hamilton and Putman, LLP.  In a third seemingly related case, Schneller again filed a Motion to Proceed *in forma pauperis* on April 10, 2006, naming Fox Subacute at Clara Burke; Gary Drizin, M.D.; Debbie McCoy, R.N.; Marjorie Zitomer; G. Richard Schneller; T. Sergeant Pepper, Esq.; Hepburn, Willcox, Hamilton and Putnam, LLP; Pennsylvania Department of Aging, Department of Health, Division of Nursing Care Facilities, Norristown Field Office; Gary Layman; Judith Folan; Samuel J. Trueblood, Esq.; and Trueblood & Amacher, LLP.  To date, Schneller has filed nine (9) outstanding motions in his three cases, all in complete disregard of the court's prior orders denying his *in forma pauperis* status.  The genesis of these cases appear to be the medical and legal services rendered to Schneller's parents during the last few months of their lives.

## II.    IN FORMA PAUPERIS STANDARD

28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions.  First, the court "may authorize the commencement . . . [of a] civil [suit] . . . ,

without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); <u>Urrutia v. Harrisburg County Police Dep't</u>, 91 F.3d 451, 455 (3d Cir. 1996).  When determining if the person has met the § 1915(a)(1) standard for poverty, courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess.  <u>See</u> <u>Azubuko v. Riordan</u>, 2005 U.S. Dist. LEXIS 6559 at * 3 (D. Del. 2005) (Robinson, J.).  If the court concludes the person has met the requisite pauper standard, the court still must dismiss the case if it is frivolous or brought for an improper purpose.  28 U.S.C. § 1915(e)(2).

Whether to grant or deny an *in forma pauperis* petition lies within the sound discretion of the trial court.  <u>See</u> <u>Jones v. Zimmerman</u>, 752 F.2d 76, 78 (3d Cir. 1985).  However, "the purpose of 28 U.S.C. § 1915 is to provide an entre, not a barrier, to the indigent seeking relief in the federal court."  <u>Id.</u> at 79 (quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3d Cir. 1975)).  Further, "it would be contrary to the spirit of that statute 'to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.'"  <u>Jones</u>, 752 F.2d at 79 (quoting <u>Adkins v. Dupont Co.</u>, 335 U.S. 331, 340 (1948)).

Under 28 U.S.C. § 1915(e), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory."  <u>Neitzke v. Williams</u>, 490 U.S. 319,

327 (1989).  In this case, Schneller's complaints are indisputably meritless because this court lacks jurisdiction over them.  Khamba v. Verizon (Bell Atl.), 2004 U.S. Dist. LEXIS 14662, * 1-2 (E.D. Pa. 2004) (Schiller, J.) (dismissing § 1983 cause of action as frivolous for lack of jurisdiction after granting *in forma pauperis* petition).

## III.   DISCUSSION

Consistent with the statutory requirement, Schneller has submitted multiple affidavits attesting to his poverty.  According to the affidavits, Schneller is the beneficary of a trust.  Schneller's trust pays his rent, utilities, medical insurance, and a weekly living stipend of $100 per week.  Schneller is unemployed, has no dependants and receives food stamps.  Further, Schneller has been granted *in forma pauperis* status for two 2004 cases filed in the Montgomery County Court of Common Pleas, one 2004 case filed in Chester County Court of Common Pleas, one 2004 case filed in the Delaware County Court of Common Pleas, and one 2003 case filed in the Delaware County Court of Common Pleas.[1]  According to Schneller's affidavit, he has been denied *in forma pauperis* status for multiple cases filed in Chester County, including the Orphans Division.  Almost all of the money Schneller receives directly from the trust goes towards paying his postage, court costs, copying and filing fees for his on-going cases.

Based upon that information, the court denied Schneller's *in forma pauperis* petitions by specifically rejecting his argument that he met the statute's poverty threshold

---

[1]Montgomery, Chester, and Delaware counties are all within the Commonwealth of Pennsylvania.

because all of the money he receives directly from his trust goes towards paying his litigation expenses for cases in other courts, including the cases in which he was denied *in forma pauperis* status.  Today, this court again affirms its prior orders and further elaborates that even if the court were to grant Schneller's petitions for *in forma pauperis* status, the three cases would be dismissed as frivolous because the court lacks jurisdiction over the claims.

_____According to Schneller, jurisdiction for the three cases is pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  Neither sections' requirements has been met.

### A.     The Court Lacks Diversity Jurisdiction

_____28 U.S.C. § 1332 provides the District Court with jurisdiction over citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). Further, courts have traditionally interpreted the statutory language "between . . . citizens of different States" to require complete diversity between all plaintiffs and all defendants. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267 (1806); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

In these cases, Schneller and most of the defendants are Pennsylvania citizens. Schneller's cases therefore lack complete diversity.

### B.     No Federal Question

_____Schneller states that this court has jurisdiction over all of the defendants based upon violations of the Fourteenth Amendment, the Comprehensive Drug Abuse

Prevention Act (21 U.S.C. §§ 802 et seq.), 42 U.S.C. § 1983, 42 C.F.R. § 483.10, 42 C.F.R. § 483.15, 42 C.F.R. § 483.25, and 42 C.F.R. § 14402.  However, at no point within Schneller's three long, and in many instances repetitive, complaints is an arguable federal claim alleged.  At best, Schneller's complaints allege state law claims for tort and breach of contract arising from the medical treatment received by Schneller's parents, the legal services performed for Schneller, and the disposition of Schneller's deceased mother's estate.  Accordingly, this court is without jurisdiction to hear any of these claims.

**IV.    CONCLUSION**

Based upon Schneller's financial situation, and this court's lack of jurisdiction over any of the claims alleged in his multiple complaints, I will dismiss all three of Schneller's cases pending in this court.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-545 |
| | : | |
| PROSPECT PARK NURSING | : | |
| and REHABILITATION CENTER, | : | |
| et al., | : | |
| Defendants | : | |

### ORDER

_____**AND NOW**, this 18th  day of April, 2006, upon consideration of plaintiff's Motion to Extend the Time to File Certificates of Merit (Document # 6), plaintiff's Motion for Leave to Request Waiver of Service (Document # 10), plaintiff's Motion to Consolidate (Document # 11), and plaintiff's Second Motion to Proceed in forma pauperis (Document # 12), it is **ORDERED** that all of the aforesaid motions are **DISMISSED**.  Plaintiff's case is **DISMISSED**.

The Clerk of Courts shall mark this case as closed for all purposes.

BY THE COURT:


 s/ Lawrence F. Stengel_____
LAWRENCE F. STENGEL, J.